UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JENNIFER KIERNICKI,
    Plaintiff,

-vs-                          Case No.
                                  Hon.
                                  **DEMAND FOR JURY TRIAL**

DYNAMIC RECOVERY SERVICES, LLC,
JOHN DOE 1-2,
GFC LENDING, LLC,
OFFICER RICHARDSON,
OFFICER HERRIN,
OFFICER BECHILL,
    Defendants.

## COMPLAINT & JURY DEMAND

*Jennifer Kiernicki states the following claims for relief:*

## Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), the Civil Rights Act, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state-law claims arising out of the same nucleus of operative facts which give rise to the federal-law claims.

## Parties

3. The Plaintiff to this lawsuit is Jennifer Kiernicki, who resides in Macomb

County, Michigan.

4. The Defendants to this lawsuit are as follows:

   a. Dynamic Recovery Services, LLC ("DRS"), which is a limited liability company doing business in Michigan.

   b. John Doe 1, who is an owner, operator and/or manager of DRS.

   c. John Doe 2, who is an employee and/or agent of DRS.

   d. GFC Lending, LLC ("Go Financial"), which is a foreign limited liability company doing business in Michigan.

   e. Officer Richardson, who is a police officer with the Warren Police Department ("WPD") and who is a "state actor" for the purposes of 42 U.S.C. § 1983.

   f. Officer Herrin, who is a police officer with the WPD and who is a "state actor" for the purposes of 42 U.S.C. § 1983.

   g. Officer Bechill, who is a police officer with the WPD and who is a "state actor" for the purposes of 42 U.S.C. § 1983.

## Venue

5. Ms. Kiernicki resides in Macomb County, Michigan.

6. The transactions and occurrences which give rise to this action occurred in Macomb County.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. Some time prior to July 9, 2015, Go Financial engaged DRS to repossess a 2005 Ford Escape, VIN: 1FMCU93185KD73787 ("the vehicle"), owned by Ms. Kiernicki.

9. Repossession of vehicles is an inherently dangerous activity and Go Financial may be held responsible for all actions of DRS and its agents.

10. At all relevant times, DRS and its agents acted under the direction of Mr. Doe 1.

11. Upon information and belief, Mr. Doe 1 established the policies, procedures and practices of DRS in his capacity as an owner, operator and/or manager of DRS.

12. Some time after midnight on July 9, 2015, Mr. Doe 2 arrived at Ms. Kiernicki's home to take the vehicle on behalf of DRS and on the authority of Go Financial.

13. Without first attempting to contact Ms. Kiernicki, Mr. Doe 2 broke a locked gate (behind which the vehicle was parked) in an effort to repossess the vehicle.

14. After failing to repossess the vehicle, Mr. Doe 2 pounded with his fist on Ms.

Kiernicki's front door and demanded that Ms. Kiernicki produce the vehicle for repossession.

15. Ms. Kiernicki objected to the repossession and contacted the WPD to stop the repossession.

16. In response, the WPD dispatched Officer Richardson, Officer Herrin and Officer Bechill (collectively, "the officers") to Ms. Kiernicki's home.

17. After the officers arrived at Ms. Kiernicki's home, they first spoke with Mr. Doe 2.

18. Mr. Doe 2 alleged that he had a court order to repossess the vehicle, but he never produced a court order to the officers.

19. Mr. Doe 2 never produced a court order to Ms. Kiernicki.

20. Mr. Doe 2 never produced any document regarding the repossession to Ms. Kiernicki.

21. In fact, DRS never received a court order regarding the vehicle.

22. After speaking with Mr. Doe 2, the officers ordered Ms. Kiernicki to surrender the vehicle to Mr. Doe 2.

23. Mr. Doe 2 then took possession of the vehicle on behalf of DRS.

24. Go Financial's repossession of the vehicle was wrongful.

25. DRS breached the peace and was not permitted to take possession of the

vehicle.

26. The officers had no legal authority to direct Ms. Kiernicki to surrender the vehicle.

### COUNT I – FDCPA, 15 U.S.C. § 1692 *et seq.* (DRS and John Doe 1-2)

27. Ms. Kiernicki incorporates the preceding allegations by reference.

28. At all relevant times, DRS – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

29. DRS, Mr. Doe 1 and Mr. Doe 2 are "debt collectors" under the FDCPA, 15 U.S.C. § 1692a(6).

30. At all relevant times, DRS, Mr. Doe 1 and Mr. Doe 2 sought to collect a "consumer" debt from Ms. Kiernicki.

31. DRS's, Mr. Doe 1's and Mr. Doe 2's actions to collect this alleged debt from Ms. Kiernicki violated the provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§ 1692d and 1692e.

32. Ms. Kiernicki suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (DRS, Mr. Doe 1 and Mr. Doe 2), as alternative to claims under the Michigan Collection Practices Act

33. Ms. Kiernicki incorporates the preceding allegations by reference.

34. DRS, Mr. Doe 1 and Mr. Doe 2 are "collection agencies" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

35. Ms. Kiernicki is a debtor as that term is defined in M.C.L. § 339.901(f).

36. DRS's, Mr. Doe 1's and Mr. Doe 2's actions to collect from Ms. Kiernicki violated the MOC, including, but not limited to: M.C.L. §§ 339.915 and 339.917.

37. Ms. Kiernicki suffered damages as a result of these violations of the MOC.

38. These violations of the MOC were willful.

### COUNT III – Michigan Collection Practices Act (DRS, Mr. Doe 1, Mr. Doe 2 and Go Financial), as alternative to claims under the Michigan Occupational Code

39. Ms. Kiernicki incorporates the preceding allegations by reference.

40. DRS, Mr. Doe 1, Mr. Doe 2 and Go Financial are "regulated persons" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

41. DRS's, Mr. Doe 1's, Mr. Doe 2's and Go Financial's actions to collect from Ms. Kiernicki violated the MCPA, including, but not limited to: M.C.L. § 445.252.

42. Ms. Kiernicki suffered damages as a result of these violations of the MCPA.

43. These violations of the MCPA were willful.

## COUNT IV – UCC Article 2 and 9 (Go Financial and DRS)

44. Ms. Kiernicki incorporates the preceding allegations by reference.

45. This claim is brought under Article 9 of the revised Uniform Commercial Code ("UCC"), M.C.L. § 440.9101 *et seq*.

46. The vehicle constitutes a "good" under Article 2 of the UCC, as codified in M.C.L. § 440.2101, *et seq*.

47. Ms. Kiernicki was forced to contact local law enforcement because DRS attempted to take the vehicle without paperwork or other documentation and without prior notice.

48. This manner of repossession by Go Financial's agent – DRS – breached the peace.

49. This breach of the peace constituted a violation of Article 9 of the UCC, M.C.L. § 440.9609.

50. Go Financial effected this repossession wrongfully and without legal right.

51. Ms. Kiernicki suffered damages as a result of this violation of Article 9 of the UCC.

## COUNT V – Common Law Conversion (Go Financial and DRS)

52. Ms. Kiernicki incorporates the preceding allegations by reference.

53. Go Financial converted Ms. Kiernicki's vehicle by exercising dominion over

the vehicle and asserting that it was the true legal owner of the vehicle.

54. DRS converted Ms. Kiernicki's vehicle by taking possession of the vehicle when it had no legal right to do so.

55. Go Financial's dominion over Ms. Kiernicki's vehicle was inconsistent with, and in repudiation of, Ms. Kiernicki's right to continue to peaceably possess and use the vehicle.

56. Go Financial's dominion over Ms. Kiernicki's vehicle deprived her of the possession and use of her personal property.

57. Ms. Kiernicki suffered damages as a result of this conversion of her vehicle by Go Financial and DRS.

### COUNT VI – Statutory Conversion, M.C.L. § 600.2919a
### (Go Financial and DRS)

58. Ms. Kiernicki incorporates the preceding allegations by reference.

59. Go Financial caused DRS to take the vehicle from Ms. Kiernicki by asserting a legal right to the vehicle.

60. DRS had no right to possess the vehicle.

61. Go Financial had no right to possess the vehicle and was not the legal owner at the time.

62. Go Financial was not acting on behalf of any individual or entity with the right

to possess the vehicle.

63. Go Financial illegally retook possession, via DRS, without the permission of Ms. Kiernicki or other legal authorization.

64. Go Financial's and DRS's actions in taking possession of the vehicle were willful and/or intentional.

65. DRS converted the vehicle and took it from Ms. Kiernicki over her objection.

66. These acts constitute a willful or intentional conversion under M.C.L. § 600.2919a.

67. Ms. Kiernicki suffered damages as a result of this unlawful conversion.

### COUNT VII – Civil Rights Violation, 42 U.S.C. § 1983
### (Officer Richardson, Officer Herrin and Officer Bechill)

68. Ms. Kiernicki incorporates the preceding allegations by reference.

69. DRS, through its agents, servants, or employees, acted jointly and in concert with the officers.

70. As a result of their unlawful, malicious, reckless and indifferent acts or omissions, the officers, both alone and in concert, conspired to and acted under color of law, but contrary to law, and deprived Ms. Kiernicki of her rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. § 1983, including:

a. Ms. Kiernicki's right to be free from an unreasonable seizure of her property, as guaranteed by Amendments IV and XIV of the United States Constitution, by ordering her to turn over her vehicle to DRS without the benefit of notice or an opportunity to be heard; and

b. Ms. Kiernicki's right to due process of law and to be free from egregious official misconduct, as guaranteed by Amendment XIV of the United States Constitution, by refusing to give her due process before depriving her of the vehicle.

71. As a direct and proximate result of the conduct of the officers, Ms. Kiernicki was unlawfully deprived of her personal property without due process of law.

72. Ms. Kiernicki suffered damages resulting from these violations of her civil rights.

## Demand for Jury Trial

73. Ms. Kiernicki demands trial by jury in this action.

## Request for Relief

74. *ACCORDINGLY, Ms. Kiernicki requests that this Honorable Court grant the following relief:*

   a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

    b.    *Punitive damages as to Dynamic Recovery Services, LLC; John Doe 1-2: and GFC Lending, Llc,*

    c.    *Statutory damages.*

    d.    *Treble damages.*

    e.    *Costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Jennifer Kiernicki
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: January 26, 2016